# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| OSMYN LAVOR DEUEL, Petitioner, | * | No. 22-830V<br>Special Master Christian J. Moran |
| v. | * | Filed: July 28, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

David Charles Richards, Christensen & Jensen, P.C., Salt Lake City, UT for petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Osmyn Lavor Deuel motion for final attorneys' fees and costs. He is awarded **$93,313.95**.

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I. Procedural History

Mr. Osmyn Lavor Deuel ("petitioner") alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on August 1, 2019, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused Mr. Deuel to suffer from Guillain-Barré Syndrome ("GBS") or chronic inflammatory demyelinating polyradiculoneuropathy ("CIDP"). Petition ("Pet.), filed July 29, 2022. On April 1, 2025, the parties filed a joint stipulation which the undersigned adopted as his decision on the same day. 2025 WL 1167597.

On September 12, 2025, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $71,893.00 and attorneys' costs of $24,357.16, for a total request of $96,250.16. Fees App. at 1. Petitioner warrants that he personally did not incur any costs related to the prosecution of this case. On September 14, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner did not file a reply.

## II. Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

1. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel, Mr. David C. Richards, $362.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, $390.00 per hour for work performed in 2024, and $406.00 per hour for work performed in 2025 Petitioner also requests rates between $119.00 and $124.00 for work of their counsel's paralegals performed from 2022 to 2025. These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work and shall be awarded herein. See Egan v. Sec'y of Health & Human Servs., No. 20-1569V, 2025 WL 4483280 (Fed. Cl. Spec. Mstr. Nov. 25, 2025).

2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

Petitioner's counsel billed for some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office

costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced. However, a general principle to differentiate them is somewhat elusive. To qualify as a paralegal, a person needs special training and experience. See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, Petitioner's counsel billed multiple entries for clerical activities. For example, organizing and scanning documents, preparing evidence for filing, filing documents, and drafting and filing basic documents like a Notice of Filing or an Exhibit List. See e.g., Fees App. Tab A at 3-4, 6-12, 14. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents, are essential. However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead. See Pickens v. Sec'y of Health & Human Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Spec. Mstr. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed"). Approximately 14.5 hours were billed for these clerical tasks; this results in a reduction of **$2,130.30**. Petitioner is therefore awarded final attorneys' fees of $69,762.70.

### B. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $24,357.16 in attorneys' costs. This amount is comprised of acquiring medical records, legal research, PACER fees, photocopies, the Court's filing fee, and expert services provided by Carlo Tornatore, M.D. for 41.5 hours at $400.00 per hour for work performed in 2024, totaling $20,750.00. See Fees App. Tab A at 26-30; see also Fees App. Tab B. The requested rate is consistent with what Dr. Tornatore has been previously awarded, and the total amount requested is

reasonable for the work he performed in this case. See, e.g., M.K.S. v. Sec'y of Health & Hum. Servs., No. 21-1018V, 2025 WL 2402005, at *4 (Fed. Cl. Spec. Mstr. July 9, 2025).

Petitioner has provided supporting documentation for the some of the remaining costs; however, there are 16 claimed costs totaling $805.91 that were not accompanied by the required documentation, such as an invoice or proof of payment. See Fees App. Tab A at 26-30; see also Fees App. Tab B. These costs include "online research" and PACER fees. See id. Reimbursement for these unsupported costs is denied. This results in a reduction of **$805.91.** Petitioner is therefore awarded final attorneys' costs of $23,551.25.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$93,313.95** (representing $69,762.70 in attorneys' fees and $23,551.25 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.